**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SHANE DIXON**                                                                                    **PLAINTIFF**


**v.**                                                    **CASE NO. 4:07-CV-00084 GTE**


**ARKANSAS SURGICAL HOSPITAL, LLC**                                    **DEFENDANT**


**ORDER ON MOTION TO DISMISS**

Presently before the Court is Defendant's Motion to Dismiss.  Plaintiff's Complaint

against Defendant alleges the following claims: Count 1 - Disability Discrimination in Violation

of the Americans with Disabilities Act of 1990 ("ADA"); Count 2 - Intentional Infliction of

Emotional Distress; Count 3 - Breach of Contract; Count 4 - Violation of the Family Medical

Leave Act ("FMLA"); Count 5 - Disability Discrimination in Violation of the Arkansas Civil

Rights Act of 1993; and Count 6 - Defamation.  In Count 7, Plaintiff also claims that she has

been denied equal protection of the law and claims punitive damages.

**I.  Motion to Dismiss Standard**

When ruling on a motion to dismiss, the Court must accept the allegations contained in

the Complaint as true and draw all reasonable inferences in favor of the nonmoving party.

*Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).[1]   "Great precision is not required of the

---

[1]The Court notes that the United States Supreme Court recently clarified the standard to
be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
*See Bell Atlantic Corp. v. Twombly*, - - U.S. - -, 127 S.Ct. 1955 (2007).  There, the Court rejected
the "no set of facts" language contained within the statement, "the accepted rule that a complaint
should not be dismissed for failure to state a claim unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Id*.

pleadings." *Gregory v. Dillard's, Inc.*, 494 F.3d 694, 710 (8th Cir. 2007).  "Particularly in civil

rights actions the complaint should be liberally construed." *Id*. at 709.  "The simplified notice

pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant

fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (internal

quotations omitted).  The factual allegations in the Complaint must be "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 710.

## II.  Motion to Dismiss

In its motion, Defendant argues that there are insufficient factual allegations that Mr.

Dixon was "disabled" to show that Mr. Dixon is entitled to state an ADA Charge of

Discrimination, and even if Plaintiff were arguably "disabled," he was not otherwise a "qualified

employee" because, with or without accommodation, he could not perform an essential function

of the job.  As to the outrage claim, Defendant argues that Plaintiff's Complaint does not state

sufficient facts in support of a claim for intentional infliction of emotional distress because the

alleged facts do not demonstrate that the Defendant intended to inflict emotional distress, knew

or should have known that emotional distress would be the likely result of its termination of

Plaintiff's employment, or that any of the alleged conduct was "so outrageous in character, and

so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and

utterly intolerable in civilized society." *Ross v. Patterson*, 307 Ark. 68, 817 S.W.2d 418, 420

(1991).

---

at 1968.  The Court stated, "The phrase is best forgotten as an incomplete negative gloss on an
accepted pleading standard: once a claim has been stated adequately, it may be supported by
showing any set of facts consistent with the allegations in the complaint." *Id*.

Defendant also argues that Plaintiff's breach of contract claim should be dismissed because he failed to allege facts demonstrating that the handbook he received has a provision which constitutes an express representation that he would not be discharged except for cause.  As to Plaintiff's FMLA claim, Defendant argues that the Complaint does not sufficiently allege facts to establish that Plaintiff worked for the Defendant for at least 12 months or that he worked at least 1,250 hours during the 12-month period immediately preceding the date the leave is taken. Defendant argues that Plaintiff's Arkansas Civil Rights Act claim should be dismissed for the same reasons that Plaintiff's ADA claims should be dismissed.  Regarding Plaintiff's defamation claim, Defendant argues that Plaintiff has failed to state sufficient facts to support a claim that there were defamatory statements made and has failed to state facts demonstrating how Plaintiff's relations with third parties have been adversely affected.  Finally, Defendant argues that Plaintiff has failed to state facts demonstrating why the rare measure of punitive damages should be utilized to punish the Defendant.

After careful review of the Complaint and the parties' briefs, the Court finds that Defendant's motion should be denied.  In its motion, Defendant examines specific elements of each of the Plaintiff's claims and argues that because Plaintiff has not set forth sufficient factual allegations to **establish** those particular elements, Plaintiff's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  The arguments set forth in Defendant's Motion to Dismiss are more appropriately submitted to the Court in a summary judgment motion. Furthermore, Plaintiff correctly asserts that Federal Rule of Civil Procedure 8 only requires notice pleading.  Under the liberal standards of notice pleading, Plaintiff need only give "a short

and plain statement of the claim showing that [she] is entitled to relief." *See* Fed. R. Civ. P. 8(a).

Defendant's motion is denied.

Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (Docket No. 87) be,

and it is hereby, DENIED.

IT IS SO ORDERED this 14th day of September, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE