IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHANE DIXON                                                    PLAINTIFF/COUNTER-DEFENDANT

VS.                               CASE NO. 4:07-CV-00084-GTE

ARKANSAS SURGICAL HOSPITAL, LLC        DEFENDANT/COUNTER-PLAINTIFF

PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1.     This Protective Order ("Order") shall be applicable to, and shall govern the production and exchange of, all documents, answers to interrogatories, depositions, responses to requests for admissions, exhibits, and all other discovery given or made in this action by either Plaintiff or Defendant (the "Producer"), as well as pleadings, matters in evidence and all other information exchanged or furnished in this action by the Producer. With regard to testimony adduced at hearings or trial, the parties intend to address that issue with the Court at the time of such hearing or trial.

2.     The Producer shall have the right to designate as confidential any information it produces that it believes in good faith constitutes confidential medical, business information, and/or trade secrets relating to its business or furnished to it in confidence by third parties, which information is not generally known and which the Producer would normally not reveal to third parties or, if disclosed, would cause such third parties to maintain confidence. Material so designated is collectively referred to as "Confidential Information." Confidential Information may be used only for the purpose of conducting this action, including appeals, and not for any personal, business, commercial, scientific,

competitive or any other purpose whatsoever.

3. Except with the prior written consent of the Producer or upon prior Order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions and restrictions of this Order.

4. Subject to the provisions of paragraph 5 below, Confidential Information, and any summary, description, analysis or report containing such Confidential Information, may be disclosed by the receiving party only to the following persons:

    a. the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal;

    b. independent experts or consultants of the receiving party who have been retained by counsel to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work and only after agreeing in writing to be bound by the terms of this Order;

    c. potential witnesses with whom counsel of record for a receiving party believes he or she needs to consult solely for purposes of prosecuting, defending and/or appealing this action, with disclosure only to the extent necessary to perform such consultation and only after they agree in writing to be bound by the terms of this Order;

    d. the parties' counsel of record as specifically set forth below, and any other counsel for a party who appears in this action, and their

paralegal assistants, law clerks, stenographers and clerical employees who are assisting in the prosecution, defense and/or appeal of this action:

For Plaintiff:

Donald Colson
Attorney at Law
114 West Sevier Street
Benton, AR 72015

For Defendant:

Matthew R. House
James & House, P.A.
801 West Third Street
P. O. Box 3585
Little Rock, AR 72203-3585

  e. to persons who generated or received the documents; and

  f. to witnesses at depositions, other than persons described above, who agree in writing or on the deposition record to be bound by the terms of this Order.

  5. It is the intention of this Protective Order that the following categories of information shall not be designated as Confidential Information, and this order should not be construed as governing or affecting a party's use or the Producer's disclosure of: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that at the time of its disclosure in this action is already rightfully in the possession of the receiving party, its counsel of record or any expert retained by or for the receiving party under no obligations of confidence to

any third party with respect to that Information; or (c) any information to which the receiving party is entitled independently of this action. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 6 below.

6. In the event that any receiving party disagrees at any stage of this action with the designation of Confidential Information, it shall provide to the Producer written notice of its disagreement with the designation. The receiving party challenging the designation shall first try to dispose of such dispute in good faith on an informal basis with the Producer. If the dispute cannot be resolved, the receiving party or the Producer defending the designation may request appropriate relief from the Court no sooner than five (5) days following the service of the written notice of disagreement. The burden of proving that information has been properly designated confidential is on the Producer defending such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information and subject to the terms of this Order.

7. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the receiving party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Producer and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the Producer or by the person who received such information.

8. Documents and written information may be designated as Confidential

Information by labeling each page or portion "CONFIDENTIAL" or by notifying counsel for the receiving party in writing of their confidentiality with a clear description of the documents, written information, or designated portions. Testimony or information disclosed at a deposition of a witness may be designated as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information which is to be made subject to the provisions of this Order. Alternatively, the Producer may designate testimony or information disclosed at a deposition, including exhibits, as Confidential Information by notifying all parties in writing, within seven (7) days after the Producer's receipt of the transcript, of the specific pages and lines of the transcript so designated. Whether or not designation is made at the time of deposition, each transcript of any deposition shall be treated as being designated Confidential Information in its entirety, from the taking of the deposition until seven (7) days after actual receipt of the transcript by the Producer, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said seven (7) day period, unless notice to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

9. The Clerk of the Court is requested to maintain under seal all documents, tangible objects, transcripts, and other materials filed with this Court in this action by any party which are, in whole or in part, specifically labeled as Confidential Information, including all pleadings, deposition, trial or hearing transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The party

filing such material shall file it with the Clerk of the Court in a sealed envelope or other appropriate sealed container prominently marked with the caption of the action and the notation:

CONFIDENTIAL

SUBJECT TO A PROTECTIVE ORDER ENTERED IN CASE
NO. 4:07-CV-00084-GTE. This envelope is not to be opened,
nor are the contents thereof to be displayed or revealed except:
(1) to the court and then resealed, (2) by agreement of the
parties, or (3) by prior Order of this Court.

A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

10. The inadvertent production by any party of documents subject to the attorney-client privilege, attorney work product protection or other established legal protection ("Privileged Documents") shall not constitute a waiver of such privilege or protection notwithstanding any law to the contrary. Upon request, the party receiving Privileged Documents shall return to the party producing Privileged Documents, within two (2) business days, all copies of such documents and all other documents that incorporated information from the inadvertently produced documents.

11. Nothing in this Order shall limit the right of either party to seek additional protection for Confidential Information.

12. Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own documents or information, including the deposition testimony of its

employees or experts.

13.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by an order of the Court. The obligations under the terms of this Protective Order will survive beyond the termination of this lawsuit.

SO ORDERED this 9th day of ~~October~~ November, 2007.

*/s/ Garnett Thomas Eisele*
HONORABLE G. THOMAS EISELE

APPROVED:

/s/ Donald W. Colson
Donald Colson
Attorney at Law
114 West Sevier Street
Benton, AR 72015
ATTORNEY FOR PLAINTIFF

*/s/ Matthew R. House*
Matthew R. House
James & House, P.A.
801 West Third Street
P. O. Box 3585
Little Rock, AR 72203-3585
ATTORNEY FOR DEFENDANT